Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 13-2117

ENRIQUETA LILIA VALERDI,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Howard, Kayatta, and Lipez,
Circuit Judges.

Lidia M. Sanchez on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Civil Division,
Shelley R. Goad and Tim Ramnitz, Office of Immigration Litigation,
on brief for respondent.

September 24, 2014

**LIPEZ, Circuit Judge**.  Enriqueta Lilia Valerdi, a citizen of Mexico, entered the United States on or about May 15, 1999, without being admitted or paroled.   Subsequently placed into removal proceedings, she filed an application for cancellation of removal. An immigration judge ("IJ") denied Valerdi's application for relief and then denied her subsequent motion to reconsider and reopen.  The Board of Immigration Appeals ("BIA") upheld the IJ's denial of her motion to reconsider and reopen, and Valerdi now timely petitions for review of the BIA's denial.  We dismiss the petition for lack of jurisdiction.

**I.**

Valerdi is married, although separated from her husband, and has four children. Her oldest child is a Mexican citizen, while her three younger children are U.S. citizens.  Her youngest child, who is her only minor child, was diagnosed with asthma in 2008 and eye problems in December 2011.

In August 2009, Valerdi filed an application for asylum with the United States Citizenship and Immigration Services.   In December 2009, the Department of Homeland Security placed Valerdi in removal proceedings.   Through counsel, Valerdi conceded removability before the IJ in February 2010, and requested relief through cancellation of removal under 8 U.S.C. § 1229b(b).  In her application for cancellation of removal, Valerdi stated her removal would constitute an exceptional and extremely unusual hardship to

her U.S. citizen children.  In an oral ruling after a hearing on the merits on December 8, 2011, the IJ found that removal would not constitute such a hardship.[1]  At that hearing, Valerdi also withdrew her application for asylum with prejudice.

Valerdi filed a timely motion to reconsider and reopen with the IJ.  In her motion, she asserted that new evidence relating to her youngest child's medical conditions established that her removal would result in an exceptional and extremely unusual hardship to her U.S. citizen child.  The IJ denied the motion on March 6, 2012, finding that Valerdi had not identified any error of fact or law warranting reconsideration and that the evidence regarding her son's asthma was neither new nor newly discovered. The IJ further found that, even considering the proffered evidence, Valerdi had not established that her removal would result in exceptional and extremely unusual hardship for her son.

Valerdi filed a timely appeal of the IJ's denial of her motion to reconsider and reopen with the BIA.  Although she acknowledged in her brief to the BIA that she had not timely disclosed her son's asthma diagnosis, she had noted evidence of her son's eye problems, which were diagnosed after the IJ initially denied her application for cancellation of removal.  She argued that the evidence of her son's medical conditions proved that her removal would constitute exceptional and extremely unusual hardship to her son and that,

---

[1] The other eligibility requirements for cancellation of removal are not at issue on appeal. See 8 U.S.C. § 1229b(b)(1).

-3-

therefore, the IJ erred in denying her motion to reopen and reconsider. The BIA denied Valerdi's appeal on August 13, 2013, concluding that the record supported the IJ's decision.

This petition for review followed. Valerdi argues that the BIA abused its discretion by (1) finding she had not identified any error of law or fact in her motion to reconsider, (2) finding she had not identified any new or previously unavailable information in her motion to reopen, and (3) agreeing with the IJ's determination that, even with the evidence of her son's conditions, Valerdi did not establish that her removal would cause her son exceptional and extremely unusual hardship.

## II.

Citing 8 U.S.C. § 1252, the government argues that we lack jurisdiction to consider the BIA's rulings on petitioner's motion to reconsider and reopen her case. Section 1252 forecloses judicial review of a specific set of discretionary agency decisions on the merits of a petitioner's claim for immigration relief, including cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i) (stating that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section. . . 1229b [cancellation of removal]"); see also Restrepo v. Holder, 676 F.3d 10, 15 (1st Cir. 2012) (noting that section 1252 bars review of "any judgment regarding the granting of relief relative to cancellation of removal" (internal quotation marks

-4-

omitted)).  We have previously held that "we also lack jurisdiction to consider the BIA's denial of the motion to reopen for consideration of cancellation of removal when the BIA has decided there was not the requisite hardship."  Parvez v. Keisler, 506 F.3d 93, 96 (1st Cir. 2007).

The Supreme Court, in Kucana v. Holder, 558 U.S. 233 (2010), held that "[a]ction on motions to reopen, made discretionary by the Attorney General only, . . . [are] subject to judicial review."  Id. at 253.  However, the Court relied in its reasoning on the fact that there "the alien's underlying claim (for asylum) would itself be reviewable."  Id. at 250.  The Court also explicitly disclaimed any decision as to whether courts have jurisdiction over a motion to reopen a denial of a claim that is itself otherwise unreviewable.  Id. at 250 n.17 ("We do not reach the question whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief.").  Accordingly, our precedent foreclosing review of a "denial of [a] motion to reopen for consideration of cancellation of removal when the BIA has decided there was not the requisite hardship" remains binding.  Parvez, 506 F.3d at 96.

The IJ concluded here, and the BIA agreed, that petitioner did not identify in her motion to reconsider any error or previously unavailable information, and therefore was not entitled to reopen her case.  The Board further concluded that, even considering the

-5-

evidence and arguments in Valerdi's motion, she did not establish that her removal would cause her son exceptional and extremely unusual hardship.  Accordingly, we lack jurisdiction to review the BIA's denial of her motion to reconsider and reopen her application for cancellation of removal.  Her petition is dismissed.

**So ordered**.